

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2002

# Buchanan v. Comm PA Corrections

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2794

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Buchanan v. Comm PA Corrections" (2002). *2002 Decisions.* Paper 597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2794



JAMES K. BUCHANAN,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS;
JAMES TICE; WILLIAM A. HARRISON; WILLIAM J. LOVE



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 1:CV-00-1031)
Magistrate Judge: Honorable J. Andrew Smyser



Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before: ALITO and FUENTES, Circuit Judges, and OBERDORFER, District Judge.

(Opinion Filed: September 20, 2002 )




OPINION OF THE COURT



PER CURIAM:
        We need not review the background of this case because this opinion is only
for the benefit of the parties.  We affirm the Magistrate Judge's grant of summary
judgment to the Department of Corrections on all three of the plaintiff's legal theories.
Specifically, we reject the plaintiff's claims on appeal that he has raised a genuine issue
of material fact as to a hostile work environment, discriminatory termination, and
retaliation.
        Summary judgment is appropriate when the record discloses no genuine
issue of material fact and the moving party is entitled to judgment as a matter of law.
Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48
(1986).  Once the movant demonstrates by reference to the record the absence of genuine
issues of material fact, the non-moving party must "go beyond the pleadings" and
demonstrate that a reasonable factfinder could return a verdict in his favor.  Celotex Corp.

v. Catrett, 477 U.S. 317, 324 (1986); Anderson, 477 U.S. at 247. Our review of a grant of summary judgment is plenary. City of Erie v. Guaranty Nat'l Ins. Co., 109 F.3d 156, 159 (3d Cir. 1997).

The Magistrate Judge held that the incidents Buchanan alleged "were [not] sufficiently severe or pervasive" to constitute a hostile work environment as a matter of law. We agree. To prevail on a hostile work environment claim a plaintiff must establish that he was detrimentally affected by pervasive and severe intentional racial discrimination and that such a reaction was reasonable under the circumstances. Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). Because Buchanan neglected to identify items in the record from which a reasonable factfinder could conclude that the alleged incidents manifested racial animus, the Magistrate Judge correctly granted summary judgment to the Department on this issue. The single factual allegation relating directly to race, although arguably severe, lacks the requisite pervasiveness.

The Magistrate Judge also rejected Buchanan's claim that the Department terminated him because of his race. Buchanan alleges that the ostensible reason for his termination was merely a pretext for latent racial hostility, invoking the rule of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972). Under this standard,

> (1) the plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext.

McNemar v. Disney Store, Inc., 91 F.3d 610, 619 (3d Cir. 1996). Since the Department satisfied its burden of offering a non-discriminatory justification for Buchanan's termination, the burden shifted to the plaintiff to put forward facts that reasonably suggest a pretext. Here, Buchanan establishes at most that the Department's adherence to its termination protocol was haphazard. The Magistrate Judge's grant of summary judgment was nevertheless appropriate because Buchanan points to no evidence that the proffered reason was a surrogate for an invidious motive or otherwise insincere. Thus, Buchanan has failed to meet his burden under the third prong of the test.

Finally, the Magistrate Judge held that Buchanan failed to establish a prima facie case of retaliation. A plaintiff alleging retaliation must demonstrate a causal connection between engaging in protected activity and a subsequent adverse employment action. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997). In order to constitute an adverse employment action, an employer's "conduct [must] rise to the level of a violation of 42 U.S.C. 2000e(a)(1) or (2)." Id. at 1300-1301. Buchanan's allegations in this regard are legally deficient, and, moreover, fail to establish the necessary causal connection.

The judgment is therefore affirmed.